EX PARTE THOMAS WILBORN JONES

No. A-8915. Decided June 13, 1962
358 S.W. 2d 370

514

*Merritt H. Gibson,* Longview, for relator.

*K. Baker, Crawford Parker, Jr.,* Carthage, for respondent.

ORIGINAL HABEAS CORPUS PROCEEDING

ASSOCIATE JUSTICE CLYDE E. SMITH delivered the opinion of the Court.

Relator, Thomas Wilburn Jones, has filed in this Court a petition for a writ of habeas corpus alleging that he is illegally confined and illegally restrained in his liberty at Carthage, in Panola County, Texas, by Johnie Spradley, the Sheriff of said county. By this original proceeding, Jones seeks release from the restraint of a judgment of the District Court of Panola County, Texas, adjudging him to be in contempt of that court.

■ It is necessary for this Court to state the facts, although we have no authority to evaluate facts. We may consider the facts only for the purpose of determining whether they constituted acts sufficient to confer jurisdiction upon the court to make the particular order. Ex Parte Tyler, 152 Texas 602, 261 S.W. 2d 833; Ex Parte La Rocca, 154 Texas 618, 282 S.W. 2d 700; Ex Parte Fisher, 146 Texas 328, 206 S.W. 2d 1000, 1003.

The facts are these: The Relator Thomas Wilburn Jones, and Marjorie Evelyn Jones, husband and wife, were legally divorced and the judgment dissolving the bonds of matrimony

was entered by the District Court of Panola County, Texas, on September 14, 1961.

On August 30, 1961, prior to the date of the judgment of divorce, the Relator and Mrs. Jones executed a contract in settlement of their community property rights. The divorce judgment of September 14, 1961 incorporated the contract by reference, subject only to the modification (also by agreement) that the house should be built in Woodcrest Addition instead of Bel-Aire Addition. The pertinent portion of the contract is as follows:

> "Party of the First Part (Petitioner) hereby agrees to construct, or cause to be constructed, a three (3) bedroom brick veneer residence, with living room, kitchen-den combination, one (1) bath and single carport upon a lot in the Bel Aire Subdivision to the City of Carthage, Texas, on such lot and on *such plans as the Parties shall agree upon and said lot and improvements to be conveyed and title thereto vested in Milton Payne and Lewis Pool, Trustees for Tommie Lynn Jones, Jennifer Jones, Melinda Jones and Tenna Marie Jones* to be held and administered under the terms of the Trust Agreement and executed by the parties hereto on the (1) day of (April), 1961, subject however to the covenant and right of Party of the Second Part (Marjorie Evelyn Jones) to the use of such house and lot as a residence for Party of the Second Part and the children born of this marriage, in her custody, for as long as Party of the Second Part shall desire to use same as her homestead, or until such time as the Party of the Second Part shall remarry, and during the use by Party of the Second Part she shall pay all taxes assessed against said lot and improvements. It is understood that such rights and covenants in favor of the Party of the Second Part shall be incorporated and made a part of the instrument of conveyance of such property in trust, subject, however, also to a Vendor's Lien to be reserved in favor of Party of the Second Part securing the payment of the written agreement as described and set forth under Paragraph B (4) hereafter. Such *improvements to be completed within ninety (90) days after the approval of plans and specifications by Party of the Second Part.*"

On December 6, 1961, Mrs. Jones filed a complaint alleging that Jones was in contempt because he had failed and refused to comply with the Court's judgment "* * * in that he has not built or caused to be built that certain dwelling house as pro-

vided in Paragraph III, Subsection A of the aforementioned agreement, all as provided for in the judgment of this Court."

We note that at the time of the filing of this complaint the plans and specifications for the residence had not been agreed upon by the parties. Therefore, the ninety-day period fixed in the contract for the completion of the construction of the improvements had not commenced to run when this complaint was filed.

On December 19, 1961, the court held Jones in contempt for failure to complete the improvements as provided by the contract, and sentenced him to confinement in the county jail for seventy-two hours, and thereafter until he had complied with the following order of the court:

"1. Pay to the Petitioner the sum of $130.00, being the amount improperly charged for house payment against the $250.00 indebtedness.

"2. Pay the automobile insurance on Petitioner's automobile that was granted to her in the said above referred to Judgment entered on the 14th day of September, 1961.

"3. That Defendant will complete a three-bedroom, brick veneer residence with living room, kitchen-den combination, one bath, and single carport on the lot specified in the above referred to Divorce Decree, in a good and workmanlike manner, according to good and ordinary construction practice from one of the plans substantially agreed upon by the parties subject only to the right of this Plaintiff to select all color schemes and finishes, but not to include materials of construction."

The order of December 19, 1961, further reflects that the court appointed Robert Brown, III, of Carthage, Texas, "* * * as Chancellor [1] of this Court to certify to the proper construction of the said brick veneer residence and to make weekly reports to the Court to the proper construction including materials and workmanship to insure the adequacy of the residence herein ordered built so that the Court can determine whether or not such dwelling is commensurate with the ordinary three bedroom brick veneer residence in this vicinity." This order further provides that "the commitment of this Defendant will be suspended until February 23, 1962, at 10 a.m., and the Court directs both

1 See Rule 171, T.R.C.P. Master in Chancery.

Petitioner and Respondent to be present at that time so that the Court *may determine whether or not the Defendant is discharged from this contempt or whether or not commitment will issue."* (Emphasis added.)

Between the date of his appointment and February 13, 1962, Robert Brown, III, made several reports to the court by letter as to the progress of the work on the dwelling, and on February 13, 1962, made a report to the court as follows:

"All necessary corrections as listed in our letter of February 12, 1962 have been completed on the above named case. The writer attempted to contact the court by phone this date concerning the heating unit as previously discussed, but was unable to make connections. As far as the writer is concerned this job is complete and in accordance with standard building practices in the particular area of its location, and we would approve it accordingly. With this writing we are leaving the decision of the heating unit to be settled by the court."

By agreement of the parties, the next hearing on this matter was held on February 20, 1962. The only purpose of this hearing was to determine whether Jones should be discharged or commitment should issue. The court's order made after such hearing recites that the court heard evidence "including report and testimony of R. G. Brown III, the Chancellor appointed by the court, to the effect that the house in question had not been completed according to ordinary good construction practice, as required by the original judgment, until Respondent completed the installation of an attic fan and a central heating unit, properly connected to the duct system which had been installed, and the court further having found that Respondent had not delivered for the benefit of the minor children the lot and residence described in the property agreement and judgment until the proper Trustees had been delivered the title to such property free and clear of the existing Mechanic's and Materialman's Lien thereon held by the mortgagee builder or its assigns."

The order further recites that

"* * * said Thomas Wilburn Jones, Respondent, continues in contempt of this Court as heretofore adjudged and will not be purged to such contempt until he has complied with the following

"1.    Deliver a Deed of Conveyance to the Trustee for the minor children TOMMIE LYNN, MELINDA, TENNA

MARIE and JENNIFER JONES, to the following described property:

"A lot or parcel of land located in the A. Moorman Survey, Panola County, Texas, and being further described as the North 110 feet of Lot 14, Block 94-A, Woodcrest Addition to the City of Carthage, as per plat recorded in the Plat Records, Panola County, Texas, free and clear of all incumbrance, save and except balance now due on that certain first lien in favor of Petitioner in the original amount of $6,000.00, said lien being to secure future property settlement payments.

"2.   Install an 80,000 B.T.U. Heating System in said above described residence.

"3.   Install a 42 inch attic fan in said above described residence.

"It is further ORDERED that the commitment of this Defendant will be further suspended until March 16, 1962, at 10 A.M., and the Court directs both Petitioner and Respondent to be present at that time so that the Court may determine whether or not the Defendant is discharged from this contempt or whether or not commitment will issue."

Pursuant to the February 20, 1962 order, the court on March 16, 1962, held another hearing to determine whether or not Jones had complied with the conditions of the February 20 order. At the close of the hearing the court entered its final order in which it is recited that "* * * by order on the 20th day of February, 1962, the Court found that the Respondent, Thomas Wilburn Jones, remained in contempt of this Court for the failure to comply with the Judgment of this Court in the following respects, to-wit:

"1.   That the Respondent, Thomas Wilburn Jones, had not completed, according to good, ordinary construction practices, the dwelling house as provided for in the original property settlement which was incorporated and made a part of the final judgment in this cause, in that he had not completed the installation of an attic fan and a central heating unit, properly connected to the duct system which had been installed.

"2.   That the Respondent had not delivered a Deed of Conveyance to the Trustees for the minor children free and clear of incumbrance as provided for in the aforementioned judgment; * * *."

The order of March 16, 1962, further recites that on that date evidence was again heard by the court on the question of whether Jones had "purged himself of contempt by complying with the order of this Court rendered on the 20th day of February, 1962". The court found that Jones had not complied with the February 20 order.

Based upon these findings, the court ordered, adjudged and decreed that "* * * the said Thomas Wilburn Jones is guilty of contempt of this Court, and it is hereby made final and absolute, that the said Thomas Wilburn Jones is hereby sentenced to 72 hours in the county jail of Panola County, Texas, and thereafter until such time that he has complied with the following:

"1. Completed the dwelling herein referred to in a good and workmanlike manner by installing an 80,000 B.T.U. heating system, and a 42 inch attic fan in said dwelling.

"2. Deliver a Deed of Conveyance to the Trustees for the minor children TOMMIE LYNN, MELINDA, TENNA MARIE and JENNIFER JONES, to the following described property:

"A lot or parcel of land located in the A. Moorman Survey, Panola County, Texas, and being further described as the North 110 feet of Lot 14, Block 94-A, Woodcrest Addition to the City of Carthage, as per plat recorded in the Plat Records, Panola County, Texas, less 25 feet previously sold James Marshal,

free and clear of all incumbrance, save and except balance now due on that certain first lien in favor of Petitioner in the original amount of $6,000.00, said lien being to secure future property settlement payments, all as is provided for in the property settlement agreement and made a part of the final judgment of this cause; * * *."

Although the court did not, by either the judgment of February 20, 1962, or the judgment of March 16, 1962, *expressly* find that Jones had purged himself of contempt by paying to Mrs. Jones the sum of $130.00 and paying to Mrs. Jones the automobile insurance referred to in the original contempt order dated December 19, 1961, we are of the opinion and so hold that, regardless of whether the trial court had jurisdiction to make the order, the court, by its judgments of February 20, 1962, and March 16, 1962, in legal effect, found that Jones had purged

himself of contempt in so far as these particular items were concerned.

This leaves for determination the question of whether the court had jurisdiction to make and enter its final judgment of contempt in this case. We have concluded that the contempt judgment is void, and, therefore, is subject to collateral attack. See Ex Parte La Rocca, supra.

■ Relator takes the position that the contempt orders of the District Court of Panola County, dated December 19, 1961, February 20, 1962, and the order of commitment dated March 16, 1962, are void for the reason that the contractual provisions contained in the September 14, 1961, divorce decree cannot be enforced by contempt proceedings.

Relator and Respondent, the parties to the original divorce decree, entered into the property settlement agreement and the court approved the agreement and made the same a part of the divorce decree by reference. The settlement agreement was filed for record in the office of the County Clerk of Panola County, Texas, on September 14, 1961, and recorded in the deed records of the county.

■ Upon the face of the judgment, it appears that the provisions relating to the agreement to construct the residence and convey the property to Trustees for the benefit of the minor children are based entirely upon the terms of the settlement agreement between the parties. This agreed judgment must be interpreted as if it were a contract between the parties and the interpretation thereof is governed by the laws relating to contracts, rather than laws relating to judgments. See Plumly v. Plumly, Texas Civ. App., 210 S.W. 2d 177, no wr. hist.; Turman v. Turman, 123 Texas 1, 64 S.W. 2d 137; Tyner v. City of Port Arthur, 115 Texas 310, 280 S.W. 523; Edwards v. Gifford, 137 Texas 559, 155 S.W. 2d 786. It is well settled that whether the trial court has the power and authority to enforce a decree by contempt proceedings depends upon the nature of the decree. It is only when the nature of the decree is such as is authorized by statute that such decree can be enforced by contempt proceedings. Under Article 4639a, Sec. 1,[2] Vernon's Annotated Civil

---

2. "Section 1. Each petition for divorce shall set out the name, age, sex and residence of each child under eighteen (18) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce

Statutes, the court is given the power and authority to enforce its decree by a contempt proceeding, Mobley v. Mobley, Texas Civ. App., 221 S.W. 2d 565, no wr. hist., provided the decree is of such nature as is authorized by the statute. However, no part of the agreed settlement decree in this case is derived from the statute or controlled by the provisions thereof. We do not have a situation such as was presented in the case of Mobley v. Mobley, supra. In that case the trial judge treated the matter of child support and the settlement of community property rights as separate matters. The Court of Civil Appeals, in passing upon the question presented in the Mobley case, said that the decree reflected that the provisions relating to child support were based upon the terms of Article 4639a, supra, and that under the provisions of the statute such support provisions could be enforced by contempt proceedings and were subject to modification under the express terms of the statute. However, the Mobley case clearly announces the principle that this rule has no application in a case such as we have here where the contractual provisions, even though made a part of the decree, do not fall within the statutory orbit. The contractual provisions in the settlement decree or agreed judgment are neither subject to modification nor can they be enforced by contempt proceedings.

It follows that the District Court of Panola County, Texas, was without jurisdiction to enter the contempt order and all proceedings herein are void. Relator, Jones, is discharged from custody and he and his sureties on the bond furnished for his release pending our decision are released from further liability.

Opinion delivered June 13, 1963.

---

unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the court, if there are such minor children, it shall be the duty of such trial court to inquire into the surroundings and circumstances of each such child or children, and such court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; and said court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the support of such child or children, and such court shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of court, as in other cases. Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent." As amended Acts 1953, 53rd Leg. p. 439, ch. 127, Section 1.