**Ex parte Patricia G. MILLER.**

**No, A–11034.**

Supreme Court of Texas.

Jan. 12, 1966.

Roger W. Wooldridge, San Antonio, for relator.

Rudy Rice, San Antonio, for respondent.

HAMILTON, Justice.

This is an original habeas corpus proceeding filed in this court by relator, Patricia G. Miller, wherein it is alleged that relator is illegally confined and restrained of her liberty in the county jail in and for the County of Bexar, State of Texas, by W. B. "Bill" Hauck, sheriff of said county.

It appears that relator was confined by virtue of a judgment of the 73rd District Court of Bexar County finding relator in contempt of court and assessing her pun-ishment at three days' imprisonment in the county jail from September 9, 1965. As a basis for said judgment the court recites therein that the relator, Patricia G. Miller, was by order dated the 10th day of February, 1965, ordered as follows:

"It is further ORDERED, ADJUDGED and DECREED that Pamela Ann Metzner be placed in St. Mary's Hall beginning the fall semester of 1965, and shall continue attending all regular semesters of St. Mary's Hall until graduation from high school, unless Petitioner, Wesley R. T. Metzner, approves of a change of a school from another than St. Mary's Hall."

The judgment further recites that the court finds that Patricia G. Miller has wholly failed and refused to comply with said order and wholly failed and refused to place Pamela Ann Metzner in St. Mary's Hall beginning the fall semester of 1965 on the 8th day of September, 1965, at 8:30 a. m. Based on these findings, the trial court entered its order finding relator in contempt of court and assessing her punishment at three days in jail.

It appears that Wesley R. T. Metzner and relator Patricia G. Miller, then Patricia G. Metzner, were divorced in 1960. There were two minor children, a boy, Roland Carl Metzner, and a girl, Pamela Ann Metzner. Although the divorce decree is not in the record, it is apparent that the mother was given custody of the children and the father was to pay child support and certain house payments, as well as other payments. Apparently, however, their relationship was not good under the original arrangement and on February 10, 1965, the original divorce decree was modified and according to said judgment of February 10, 1965, the parties made certain agreements with reference to the schooling of the children, the payment of rent by Wesley R. T. Metzner, the furnishing of uniforms and the payment of tuition by Metzner in addition to the regular support payments. The relator,

Mrs. Miller, agreed that she would place the daughter, Pamela Ann, in St. Mary's Hall beginning the fall semester of 1965, and keep her there until she graduated. At that time the daughter was seven years old. Subsequent to that decree the relator entered into marriage with Lawrence James Miller. Instead of placing Pamela Ann in St. Mary's Hall Mrs. Miller placed her in the Mt. Sacred Heart School, which was about two blocks from where the Millers lived.

It is relator's contention that although the court's judgment of February 10, 1965, ordered her to place Pamela Ann in St. Mary's Hall for the fall semester term, said judgment was based on an agreement or contract with her former husband and without such agreement or contract the court was without authority in law to order her to place the child in any particular school, exclusive of all other schools. She argues that since the court, in the absence of the agreement, was without such authority, the order was not enforceable by contempt proceedings. We agree with the relator.

It appears from the face of the judgment of February 10, 1965, that that part of the judgment providing that the daughter, Pamela Ann, be placed in St. Mary's Hall was based entirely upon the agreement between relator and her former husband, Wesley R. T. Metzner, and not upon any statutory authority contained in Article 4639a, Section 1, Vernon's Annotated Civil Statutes, wherein the court is given authority to enforce by contempt its judgments relating to the authority therein granted.

While the above statute gives the court authority to determine custody and the payments to be made by either or both parents in support of minor children, it does not authorize the court to select a particular school which a child or children must attend. We do not regard the order here involved as being pertinent to either custody or support.

The holding here made is supported by the reasoning in this court's opinion in the case of Ex parte Jones, 163 Tex. 513, 358 S.W.2d 370 (1962), wherein the trial court's judgment in a divorce case incorporated a property settlement agreement of the parties as a part of the judgment and it was sought to enforce said judgment by contempt proceedings. We held there that the trial court was without jurisdiction to enforce its judgment by contempt proceedings. See also Mobley v. Mobley (Tex. Civ.App.), 221 S.W.2d 565, no writ history.

It follows that the 73rd District Court of Bexar County was without jurisdiction to enter the contempt judgment ordering relator to jail, and the order is void. Relator Mrs. Patricia G. Miller is discharged from custody.