KAREN HARVEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harvey v. Commissioner
Docket No. 9141-77.
United States Tax Court
T.C. Memo 1979-454; 1979 Tax Ct. Memo LEXIS 68; 39 T.C.M. (CCH) 481; T.C.M. (RIA) 79454; November 19, 1979. William A. Allen, for the petitioner. Eddie L. Gibson, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1975 in the amount of $294.45. The issue *70 for decision is whether petitioner is entitled to a dependency exemption deduction, a child care deduction and a personal exemption credit for 1975 for her child Jay Richard Harvey. All of the facts have been stipulated and are found accordingly. Petitioner, Karen Harvey, at the time her petition in this case was filed, resided in Houston, Texas. For the calendar year 1975, petitioner filed a timely Federal income tax return with the District Director of the Internal Revenue Service at Austin, Texas. On January 18, 1975, petitioner and her husband, Charles Richard Harvey, entered into an agreement incident to divorce. Petitioner and her husband had two children born of their marriage -- Jay Richard Harvey, a boy born October 30, 1969 and Lee Allen Harvey, a boy born May 14, 1971. The "Agreement Incident to Divorce" provided for a division of the property of the parties, custody of the minor children, and child support payments by the husband. The agreement provided in part: It is therefore agreed that Wife shall own, possess and enjoy, free from any claim of Husband, the property listed in Schedule 1 and that Husband shall own, possess and enjoy, free from any claim *71 of Wife, the property listed in Schedule 2. Husband hereby conveys and assigns to Wife all property listed in Schedule 1, and Wife hereby conveys and assigns to Husband all property listed in Schedule 2. * * *
It is agreed by the Parties that it would be in the best interest of the minor children to have KAREN HARVEY appointed as Managing Conservator. [Custodial parent.] It is further agreed that CHARLES RICHARD HARVEY be appointed as a Possessory Conservator [noncustodial parent] of the children * * *. * * *
It is further agreed that CHARLES RICHARD HARVEY pay child support in the amount of FOUR HUNDRED AND NO/100 ($400.00) DOLLARS per month, payable on the first (1st) day of each month beginning January 1, 1975, payable directly to KAREN HARVEY by personal check. * * *
This agreement is performable in Texas and shall be construed and enforced in accordance with the laws of that state. * * *
This agreement shall take effect when it is approved by the Court and a divorce between the Parties is granted. If a divorce is not granted or if the Court does not approve this agreement as it is now written, or as it may be amended by written consent of *72 the Parties, this entire agreement shall be void. * * *
This agreement, if approved by the Court and incorporated in the Court's Judgment, shall survive the Judgment and thereafter be binding on the Parties, their heirs and representatives, until it has been fully performed according to its own terms. * * *
All Schedules and other instruments referred to in this agreement are incorporated in this agreement as completely as if they were copied verbatim in the body of it. Schedule 1 attached to the agreement listed property to go to the wife. The last sentence of that schedule stated: "The Parties have agreed for Wife to claim one of the children as a tax exemption." Schedule 2 attached to the agreement listed the property to go to the husband. The last sentence of that schedule stated: "It is agreed by the Parties that Husband shall claim one of the children as a tax exemption." Petitioner and her husband were divorced pursuant to a divorce decree entered on March 3, 1975. The divorce decree provided in part: The Court finds that there were born to or adopted by the parties of this marriage the following children now under the age of eighteen (18) years: *73 JAY RICHARD HARVEY, a boy born October 30, 1969. LEE ALLEN HARVEY, a boy born May 14, 1971. The Court finds that the parties have entered into a written agreement respecting conservatorship and support of the children, a copy of which is filed in this proceeding, and that the agreement is in the best interest of the children and should be made a part of the order of the Court. The Court finds that the best interest of the children will be served by appointing KAREN HARVEY as managing conservator, to have the rights, duties and responsibilities set forth below. IT IS THEREFORE ORDERED AND DECREED that KAREN HARVEY be and is hereby appointed managing conservator of the children. * * *
The Court further finds that the best interest of the children will be served by appointing CHARLES RICHARD HARVEY as a possessory conservator of the children. IT IS THEREFORE ORDERED AND DECREED that CHARLES RICHARD HARVEY be and is hereby appointed possessory conservator of the children. * * *
At the end or termination of each stipulated or agreed visitation, the children shall be returned to the Managing Conservator. The Court, having considered the circumstances of *74 the parents, finds that CHARLES RICHARD HARVEY is obligated to support the children and is able to make child support payments and that payments of support would be in the best interest of the children. IT IS THERFORE ORDERED THAT CHARLES RICHARD HARVEY pay child support in the amount of $400.00 per month, with the first payment being due on the 15th day of March, 1975, and a like amount on the 15th day of each succeeding month thereafter until the youngest child shall attain the age of eighteen, or until further orders of the Court. All payments shall be made direct to KAREN HARVEY by cash or personal check. The Court finds that the parties have entered into an agreement for the division of their community property. Both parties have asked the Court to approve the agreement, which the Court finds to be fair and reasonable. IT IS THEREFORE ORDERED that the community property agreement entered into by Petitioner and Respondent and filed herein be and is hereby approved and incorporated into this Decree by reference. Petitioner's husband paid $1,787.50 in child support for Jay Richard Harvey and $1,787.50 in child support for Lee Allen Harvey during the calendar year 1975. *75 Petitioner from her own funds contributed $2,748 towards the support of Jay Richard Harvey for the calendar year 1975. In 1975, petitioner paid $700 as child care expenses for Jay Richard Harvey and $1,440 as child care expenses for Lee Allen Harvey. On her 1975 Federal income tax return, petitioner claimed dependency exemptions for both Jay Richard Harvey and Lee Allen Harvey. Additionally, on that return, petitioner claimed a $700 deduction for child care expenses of Jay Richard Harvey and $1,440 for child care expenses of Lee Allen Harvey. Petitioner also claimed a $90 personal exemptions credit, $30 each for herself and the two children on her 1975 return. Respondent in his notice of deficiency disallowed the dependency exemption, the child care expenses and the personal exemption relating to Jay Richard Harvey with the following explanation: (a) It is determined that the deduction claimed for the exemption of your child, Jay, is not allowable since you have not established that you paid more than one-half of his support within the meaning of Section 152(e) of the Internal Revenue Code. Your taxable income is increased $750.00 accordingly. *76 (b) The deduction claimed for child and dependent care for your child, Jay, totaling $700.00 is not allowable as the result of adjustment (a) above. Your taxable income is increased $700.00 accordingly. The personal exemption credit claimed for Jay is not allowable as the result of adjustment (a) above. The dependency exemption, child care expenses and personal exemption for Lee Allen Harvey are not in issue in this case. OPINION Section 151(e), I.R.C. 1954, [1] as applicable to the year 1975 provides a $750 exemption deduction for each dependent of a taxpayer as defined in section 152(a). The definition of depedent includes a child of the taxpayer-- over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer) * * *. Section 152(e)(1) provides the general rule for support in the cae of a child of divorced parents. If a child receives over half of his support from his *77 parents and the child is in the custody of one of the parents for more than half of the calendar year, the child will be treated as receiving over half of his support from the custodial parent, unless subsection 152(e)(2) applies. Section 152(e)(2) provides that the child will be treated as receiving over half of his support from the noncustodial parent in two instances: (A) If the decree of divorce or of separate maintenance, or a written agreement between the parents provides that the noncustodial parent shall be allowed any deduction allowable under section 151, and if the noncustodial parent provides at least $600 for the support of the child for the calendar year; or, (B) if the noncustodial parent provides $1,200 or more of the child's support for the calendar year and if the custodial parent does not clearly establish that he provides more support than the noncustodial parent. [2]
*78 The disagreement between the parties in this case concerns whether section 152(e)(2)(A) or section 152(e)(2)(B) is applicable in determining whether petitoner is entitled to the claimed exemption for Jay Richard Harvey. If the divorce decree or a written agreement between the parents provides that petitioner's husband is entitled to the exemption for Jay Richard Harvey, section 152(e)(2)(A) is applicable and petitioner is not entitled to the exemption. If the decree does not so provide and no such written agreement exists, section 152(e)(2)(B) applies and petitioner is entitled to the dependency deduction because she has proved that she paid more than half of Jay's support in 1975. See Sheeley v. Commissioner,59 T.C. 531 (1973). Petitioner argues that agreed property settlements in Texas even when incorporated into a divorce decree are contractual in nature and therefore governed by contract law, not divorce judgment law. Petitioner contends that since the agreement did not specify for which child her husband was to receive a dependency exemption, it is too indefinite and vague to be enforced as a contract. She further contends that since in 1975 her husband *79 did not pay the full $400 per month child support, he has violated the contract, if any, and therefore the contract is void. In support of her argument that contract law governs the agreement, petitioner cites Ex parte Thomas Wilburn Jones,163 Tex. 513, 358 S.W.2d 370 (1962). In the Jones case, the parties had agreed to a settlement of community property rights, including an obligation of the husband to construct a home to be conveyed to a trustee for the benefit of the minor children. That agreement was incorporated in the subsequent divorce decree. The husband, however, did not construct the home in accordance with the agreement and the Texas court ordered him to be jailed for civil contempt. The husband appealed the contempt order and the Supreme Court of Texas held that the district court was without jurisdiction to enter the contempt order. The Court explained its holding by first noting that only when the nature of a decree is authorized by statute can such a decree be enforced by contempt proceedings. Under the child support statute applicable at the time of the Jones case [3]the district court was given the power to enforce its child support decree *80 by contempt proceedings. See Mobley v. Mobley,221 S.W2d 565 (Tex. Civ. App. 1949). However, the Texas Supreme Court ruled that no part of the agreed settlement including the provision for construction of a house was to be derived from or controlled by the support provisions of the statute. Thus, the settlement agreement was a question to be decided by contract law, not contempt proceedings under a divorce decree. In our view the Jones case does not, as petitioner conteds, hold that an agreement incident to divorce when incorporated into the divorce decree is not part of the decree. It merely holds that if by statute it is not within the authority of the Court to direct a payment, the agreement for such payment is contractual. The provisions in the agreement which were incorporated into the divorce decree in this case that each parent receive a dependency exemption for one child, was a relevant part of the provision for child support which is within the authority of the Texas Copurt to direct. [4] Therefore, even if the agreement is a contract, it is also a part of the divorce decree. See Adwan v. Adwan,538 S.W. 2d 192 (Texas Civ. App. 1976). *81 *82 As pointed out in Mobley v. Mobley,supra, 221 S.W.2d at 567, a divorce "judgment may partake of the nature of a contract and also of the nature of a decree as authorized by Article 4639a." In any event section 152(e)(2)(A) is not limited in application to a provision in a divorce decree that the noncustodial parent is entitled to the dependency exemption deduction. Section 152(e)(2)(A) also applies when there is "a written agreement" between the parents granting to the noncustodial parent any exemption deduction. The agreement between petitioner and her husband granted the exemption deduction for one of the children to the noncustodial parent. Since in the year here in issue both of the children were living and under 18, the failure to specify for which child the noncustodial parent was entitled to claim the exemption deduction, does not cause the agreement to be indefinite and vague insofar as the year here in issue is concerned. Compare Hudson v. Hudson,217 S.W.2d 694 (Texas Civ. App. 1949), directing revision by a lower court of a decree to clarify intent in the event of happening of certain contingencies. Petitioner cited no authority *83 for her contention that the agreement is void because her husband did not in 1975 pay the full $400 per month of child support required by the divorce decree. While action to collect unpaid child support might be brought by petitioner (see Adwan v. Adwan,supra) failure of her husband to pay the full amount of such support required by the divorce decree does not cause the decree or the agreement to be void. Also the amount to be paid criteria for application of section 152(e)(2)(A) is contained therein. Petitioner's husband paid more than $600 for support of Jay in 1975 which payment meets the provisions of section 152(e)(2)(A). We therefore hold that petitioner is not entitled to a dependency exemption deduction for Jay. Section 214 as applicable to the year 1975 provided for a deduction for expenses of caring for a "qualifying individual." Under section 214(b) a child under 15 is a "qualifying individual" of a taxpayer who is entitled to a dependency exemption deduction for that child under section 151(e). Therefore, petitioner is not entitled to deduct the $700 of child care expenses for Jay. Since under section 42 a taxpayer is entitled to a personal *84 credit of $30 multiplied by the number of exemptions to which he is entitled under section 151, petitioner is not entitled to the $30 credit for Jay. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and as effective for the year in question.↩
2. Sec. 152(e) provides: (e) Support Test in Case of Child of Divorced Parents, Et Cetera.-- (1) General rule.--If-- (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩
3. Art. 4639a, § 1, Vernon's Ann. Civ. St., as applicable in the years at issue in Ex parte Thomas Wilbur Jones,358 S.W.2d 370 (Tex. 1962), read as follows: Section 1. Each petition for divorce shall set out the name, age, sex and residence of each child under eighteen (18) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the court, if there are such minor children, it shall be the duty of such trial court to inquire into the surroundings and circumstances of each such child or children, and such court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; and said court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the suppoprt of such child or children, and such court shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of court, as in other cases.Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent as above provided for, or with his or her consent. * * * ↩
4. Tex. Fam. Code Ann., tit. 2, § 14.05 (Vernon's), applicable to the year 1973 when petitioner and her husband were divorced, provides as follows: § 14.05. Support of Child (a) The court may order either or both parents to make periodic payments or a lump-sum payment, or both, for the support of the child until he is 18 years of age in the manner and to the persons specified by the court in the decree. In addition, the court may order a parent obligated to support a child to set aside property to be administered for the support of the child in the manner and by the persons specified by the court in the decree. (b) If the court finds that the child, whether institutionalized or not, requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period. (c) The court may order the trustees of a spend-thrift or other trust to make disbursements for the support of the child to the extent the trustees are required to make payments to a beneficiary who is required to make support payments under this section. If disbursement of the assets of the trust is discretionary in the trustees, the court may order payments for the benefit of the child from the income of the trust, but not from the principal. (d) Unless otherwise agreed to in writing or expressly provided in the decree, provisions for the support of a child are terminated by the marriage of the child, the removal of the child's disabilities for general purposes, or the death of a parent obligated to support the child.↩