**Billy W. BINKLEY, Appellant,**

v.

**Carolyn Sue Brooks (WADE), Appellee.**

**No. 10–85–074–CV.**

Court of Appeals of Texas,
Waco.

Dec. 19, 1985.

Rehearing Denied Jan. 30, 1986.

Marty D. Price, Dallas for appellant.

David L. Patterson, Maxwell, Godwin & Carlton, Dallas for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Binkley from partial summary judgment decreeing plaintiff take nothing in his suit against defendant Wade for breach of contract and conversion of some 28 items of personal property.

Plaintiff Binkley sued defendant Wade (his former wife) for delivery to him of 32 items of personal property [1] alleged to have been awarded plaintiff in the divorce decree and in the alternative damages for breach of contract and conversion plus other matters not here material. The trial court rendered partial summary judgment that plaintiff take nothing on the enforcement of contract and conversion counts; the parties settled the other matters, thus rendering the partial summary judgment a final judgment.

Plaintiff and defendant were divorced on November 30, 1981. The divorce decree states the parties have entered an agreement for division of their estate, finds the agreement just and right and, in pertinent part, divides the property of the parties as follows:

" * * Billy W. Binkley is awarded the following * * and Carolyn Sue Binkley is hereby divested of all * * interest in and to such property:"

1. All clothing and personal effects in his possession.

2. Monies in 5 described accounts.

3. All revenues relating to 3 named corporations.

4. All proceeds arising out of a described lawsuit.

5. All employee benefits from RCA Corporation.

6. A described $8,000 note.

7. All life insurance policies on Billy's life.

8. The fur coat in possession of Carolyn Sue.

---

1. 1) family albums and pictures; 2) personal clothing; 3) twin bedroom set; 4) 100 management books; 5) 3 pen and pencil sets; 6) stapler; 7) desk and chair; 8) set of bathroom towels; 9) folding banquet table; 10) bedding set; 11) 4 sets of reddish-gold drapes; 12) portable bar; 13) refrigerator; 14) oil painting; 15) 2 sets of dishes; 16) 1 set of crystal; 17) 1 set of silver- ware; 18) blender; 19) 3 iron skillets; 20) RCA stereo set; 21) captain's table with 4 chairs; 22) .32–caliber pistol; 23) 10 mugs; 24) voice analyzer; 25) toaster; 26) waffle iron; 27) miscellaneous jewelry; 28) wood bookcase; 29) plastic bookcase; 30) carpenter box and tools; 31) machinist's tool set; 32) 1 set of cookware.

9. $2,000 in the registry of the court.
10. All reimbursements arising out of Billy's employment.
11. All household furnishings in possession of Billy.
12. The following community property in possession of Carolyn Sue: a) automobile CB; b) CB antenna; c) base CB antenna; d) electric broom.
13. "All items of separate property in the possession of Carolyn Sue, except those items specifically awarded to Carolyn Sue."

" * * Carolyn Sue Binkley is awarded the following * * interest in and to such property:"

1. A described house and lot in Dallas.
2. All escrow funds connected with the house.
3. All clothing and personal effects in her possession.
4. The 1977 Oldsmobile automobile.
5. All life insurance policies on Carolyn Sue.
6. All cash in Carolyn Sue's possession or bank accounts in her name.
7. All furniture, furnishings, appliances and equipment in possession or subject to control of Carolyn Sue except those specifically set aside to Billy, together with the following items of Billy's separate property: a) miscellaneous tools; b) mixer; c) platform rocker; d) vacuum; e) bedroom set; f) living room set; g) black easy chair; h) answering machine; i) tape recorder; j) home entertainment center; k) twin bed.

On January 15, 1982, plaintiff Binkley filed an instrument styled "Motion in Aid and Clarification of Prior Orders" in the court which granted the divorce decree of November 30, 1981, in which he plead that the divorce decree awarded him all of his separate property except certain items specifically awarded to Carolyn Sue, and that Carolyn Sue has refused to give him the separate property awarded to him; and requested the court to order Carolyn Sue to deliver to him all items of his separate property awarded to him in the decree of divorce. The trial court heard evidence on such motion on April 7, 1982, and denied the motion on April 27, 1982.

Thereafter plaintiff filed this case (by different counsel) on May 9, 1983, against defendant seeking delivery of 32 described items of personal property which he alleges were awarded to him in the divorce decree.

On October 12, 1983, plaintiff's deposition was taken in which plaintiff testified that the Motion in Aid and Clarification of Prior Orders was filed by him; was denied by the court; and that the property he sought in that action was the same property that he was claiming in the present case.

Thereafter on January 16, 1984, defendant Carolyn Sue filed a Motion for Summary Judgment that plaintiff take nothing, asserting that the November 30, 1981 judgment divested plaintiff of all interest in the property sought.

On February 16, 1984, defendant filed her First Supplemental Motion for Summary Judgment asserting that plaintiff's Motion in Aid and Clarification of Prior Orders was denied; that plaintiff admitted in his deposition that in such motion he sought the same items of property he seeks in this case; and that such motion for summary judgment should be granted.

The trial court granted defendant's Motion for Summary Judgment, and decreed plaintiff take nothing with respect to his suit for enforcement of contract or conversion.

Plaintiff appeals asserting among other matters: "The trial court erred in granting defendant's motion for partial summary judgment."

As we perceive this appeal there are 2 questions for determination: 1) did the divorce decree of November 30, 1981, conclusively award the items of personal property sought by plaintiff Billy to defendant Carolyn Sue; and 2) did the trial court's action in denying plaintiff's Motion in Aid and Clarification of the divorce decree (in which plaintiff admittedly sought the same items

of personal property he seeks in this case) constitute res judicata and bar the present suit.

### The November 30, 1981 Judgment

■ An agreed judgment must be interpreted as if it were a contract between the parties and the interpretation thereof is governed by the laws relating to contracts. *Ex parte Jones, S.Ct.*, 163 Tex. 513, 358 S.W.2d 370, 375.

The applicable decretal portion of the judgment first awards Billy "the following as his sole separate property, and Carolyn Sue is divested of all right, title and interest in such property": 1) clothing and personal effects in his possession; 2) monies in described accounts; 3) revenues relating to 3 corporations; 4) proceeds of a lawsuit; 5) employee benefits from RCA; 6) an $8,000 note; 7) insurance policies on his life; 8) a fur coat in Carolyn Sue's possession; 9) $2,000 in court registry; 10) reimbursements from his employment; 11) household furnishings in his possession; 12) community CB equipment and an electric broom in possession of Carolyn Sue; 13) *"all items of separate property in the possession of Carolyn Sue except those items specifically awarded to Carolyn Sue."*

The decretal portion then awards Carolyn Sue the following as her sole separate property and Billy is divested of all right, title and interest in such property: 1) a house and lot in Dallas; 2) escrow funds connected with such house; 3) all clothing and personal effects in her possession; 4) the 1977 automobile; 5) insurance policies on her life; 6) all cash in her possession or bank accounts in her name; 7) all household furniture, furnishings, fixtures, appliances and equipment in possession of Carolyn Sue except those specifically set aside to Billy, "together with the following items of separate property of Billy * * ": a) miscellaneous tools; b) mixer; c) platform rocker; d) vacuum; e) bedroom set; f) living room set; g) black easy chair; h) answering machine; i) tape recorder; j) home entertainment center; k) twin bed.

■ As we construe such contract and judgment, plaintiff is entitled to all items of his separate property in the possession of Carolyn Sue except the 11 items specifically awarded to her in paragraph 7 above. There is no way that plaintiff's family album pictures, his personal clothing, 100 management books or the .32-caliber pistol, especially, could have been conclusively awarded Carolyn Sue by the judgment. And we think that at best a fact issue is presented as to the other items for which plaintiff sues.

■ The November 30, 1981 judgment is not res judicata to plaintiff's suit; his suit is an action to recover separate personal property awarded him by such judgment. We answer the first question for determination in the negative.

### Is Denial of Plaintiff's Motion Res Judicata?

Defendant asserts the denial by the trial court of plaintiff's "Motion in Aid and Clarification of Prior Orders" is res judicata to plaintiff's present suit, because plaintiff in his deposition testified that in such motion he sought the same property that he seeks in this case.

■ The November 30, 1981 judgment became final in December 1981. Plaintiff's "Motion in Aid and Clarification of Prior Orders" was filed in the original divorce case on January 15, 1982, and the trial court's denial of such motion was not a final judgment, based on a trial on the merits. We answer the second question for determination in the negative.

Plaintiff's point is sustained.

REVERSED & REMANDED.