**CONCUR; Opinion Filed January 31, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00333-CV**

**IN THE INTEREST OF N.K.C., A CHILD**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-21825**

## CONCURRING OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

I concur in the majority's decision to affirm the trial court's order denying Father's motion for enforcement of child–support provisions of a final decree of divorce. I write separately because I disagree with the majority's conclusion that the modification order is unambiguous and instead would address whether the trial court abused its discretion in denying Father's motion without reaching construction of the modification order.

**FATHER FAILED TO SET FORTH SUFFICIENT EVIDENCE TO SUPPORT HIS MOTION**

I first note that I would apply an abuse of discretion standard in reviewing a trial court's decision to grant or deny the relief requested in a motion for enforcement. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re*

*W.R.B.*, No. 05-12-00776-CV, 2014 WL 1008222, at \*2 (Tex. App.—Dallas Feb. 20, 2014, pet. denied) (mem. op.) (most appealable issues in family law case, including trial court's ruling on child–support arrearages, reviewed for abuse of discretion). A trial court abuses its discretion by acting arbitrarily, unreasonably, or without reference to guiding principles. *See In re W.R.B.*, 2014 WL 1008222, at \*2.

I agree, however, that when interpreting an agreed order for child support, this Court interprets the order as a contract between the parties and applies the general rules of contract construction. *See Ex Parte Jones*, 358 S.W.2d 370, 375 (1962) ("This agreed judgment must be interpreted as if it were a contract . . . and the interpretation thereof is governed by the laws relating to contracts, rather than laws relating to judgments."). In doing so, our primary concern is ascertaining the meaning of the contract and giving effect to the true intent of the parties. *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006); *Frost Nat'l Bank v. L & F Distribs., Ltd.*, 165 S.W.3d 310, 311–12 (Tex. 2005).

According to Father, the Modification Order ended his obligation to make periodic payments of child support to Mother as of March 1, 2017, but did not modify his obligation to provide medical support until the date of the Modification Order of December 19, 2017.[1] Therefore, he argues the terms set forth in the Divorce

---

[1] That order provided in relevant part as follows:

Decree apply to his motion for enforcement. However, even I were to assume Father's interpretation of the Modification Order is correct and that until December 19, 2017, he could seek reimbursement under the terms set forth in the Divorce Decree, I would conclude that he failed to offer sufficient evidence to obtain the relief he sought.

The trial court denied Father's motion for enforcement of child–support order without any findings of fact or conclusions of law to support the order. In a bench trial, as here, where no findings of fact or conclusions of law were filed, this Court is obliged to imply the necessary findings to support the trial court's judgment. *See In re N.A. F.*, No. 05-17-00470-CV, 2019 WL 516715, at *4 (Tex. App.—Dallas Feb. 11, 2019, no pet.) (mem. op.) (citing *Holt Atherton Indus. Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992)). Because a reporter's record was filed, Father may challenge the legal or factual sufficiency of the evidence to support the implied findings. *See id.* (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *In re M.P.B.*, 257 S.W.3d 804, 808 (Tex. App.—Dallas 2008, no

---

THE COURT FINDS that due to the income of the parties it is in the best interest of the children that neither party be ordered to pay child support. THEREFORE, IT IS ORDERED that as of March 1, 2017, neither party shall be ordered to pay child support.

IT IS ORDERED that [Father] shall provide health insurance for [N. K.C.], either through his own employment, that of his spouse, or privately. [Father] shall be responsible for all of [N.K.C.'s] out of pocket medical expenses.

IT IS FURTHER ORDERED that beginning tax year 2016, [Father] shall have the right to claim [N. K.C.] on his taxes.

pet.)).  If the implied findings are supported by the evidence, we must uphold the trial court's judgment on any theory of law applicable to the case.  *Id.*

In his motion, Father argued the terms of the Divorce Decree required Mother to compensate him for amounts of medical support he paid for N.K.C.  He presented his own testimony, but that testimony primarily consists of his statements that he is the father of N.K.C., that Mother is N.K.C.'s mother, and that he filed his motion seeking to enforce provisions of the Divorce Decree.  The Divorce Decree provides in relevant part that:

> if health-care expenses are incurred for a child, [Father] and [Mother] shall pay all reasonable and necessary health-care expenses not paid by insurance or covered by the amount of cash medical support ordered and incurred by or on behalf of the child in the following portions:
>
> a.    If the health-care expenses are incurred by using a EPO, HMO or PPO plan, in an emergency, or with the written agreement of the other party, [Father] is ordered to pay 50 percent and [Mother] is ordered to pay 50 percent.

What is absent from the reporter's and clerk's records is any evidence that the amounts Father claims are unpaid healthcare expenses that meet the terms of the Divorce Decree such that Mother is obligated to pay.  Specifically, Father provided no evidence the claimed expenses were incurred by using an EPO, HMO, or PPO plan, in an emergency, or written agreement of Mother as the Divorce Decree requires in order for the expenses to be shared between the parents.  Instead, Mother testified that at the time Father incurred the expenses, she "was already carrying insurance for both of the children on my policy, because [Father] had let their

–4–

insurance lapse." She further testified the expenses were not incurred in an emergency or with her written agreement. Accordingly, I would not conclude the trial court abused its discretion by denying the enforcement motion and thus would affirm the trial court's order without reaching construction of the Modification Order.

**IF PRESSED TO REACH AN INTERPRETATION OF THE MODIFICATION ORDER, I WOULD CONCLUDE IT IS AMBIGUOUS**

Mother argues, despite the fact that the Modification Order provides a specific date for the parties "child support" obligations and none for the parties' health insurance and N.K.C.'s out-of-pocket medical expenses, the trial court intended for that same date to apply to both provisions. The majority apparently agrees with Mother's interpretation and further finds no ambiguity in that order.

According to the majority, when the Modification Order states that "neither party shall be ordered to pay child support," the trial court intended to include monthly support payments, medical support, and health care coverage as part of child support. However, if "child support" includes those three categories of payment obligations, why would the Modification Order find and order that as of March 1, 2017, neither of the parties be ordered to provide monthly support payments, medical support, and health care coverage, but then in the next line order the parties to pay medical expenses and health insurance? And if the Modification Order was intended to make all changes retroactive to March 1, 2017, why was that date only included in the first paragraph regarding "child support?"

The Divorce Decree does not provide much in the way of illumination, as it provides monthly support payments under the heading "child support" and the parents' respective obligations to provide medical support and health insurance for the children under the heading "health care." Instead, the Divorce Decree might support an interpretation of "child support" that only refers to monthly support payments.

I find no support in the Texas Family Code, either. For example, the code uses the term "child support" as the title of Chapter 154, which includes a section providing for application of guidelines to net resources "in rendering the child support order," *see* TEX. FAM. CODE ANN. § 154.0125, as well as a section requiring "an order for the medical support of the child." *See id.* § 154.181. Thus, even within Chapter 154, "child support" may refer to either a monthly support obligation alone or to that obligation and a medical support obligation to a child. *Compare id.* § 157.005(a) (defining limitations for enforcement of "child support order") *with* § 157.005(b) (defining time limitation for confirming arrearages of "child support, medical support, and dental support").

Although the parties' briefings raised the issues of whether the Modification Order applied here and whether the medical-expense provision of that order was intended to have a retroactive effect similar to the child–support provision, I would not address either of those issues because neither is necessary to resolve this appeal. *See* TEX. R. APP. P. 47.1.

Accordingly, I concur.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200333CF.P05