**Ex parte Jack Charles ANDERSON, Relator.**

**No. 15711.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 15, 1976.

Richard D. Knutson, Carter, Callender & Gonzalez, San Antonio, for appellant.

Joe L. Hernandez, Hernandez & Campos, San Antonio, for appellee.

BARROW, Chief Justice.

This is an original habeas corpus proceeding wherein relator seeks release from an order of commitment because of his refusal to deliver to his former wife, Mary Estella Anderson, the sum of $105.00 each month, as her part of relator's military retirement as ordered by the decree of divorce. The trial court found that relator was in arrears in the sum of $3,990.00 and ordered him committed to the Bexar County Jail until he purged himself of contempt by payment of this sum.

Relator urges that the order of contempt is void and his confinement and restraint is thus illegal for two reasons. 1. His confinement amounts to imprisonment for debt in violation of Article I, Section 18, of the Constitution of the State of Texas. 2. The divorce decree is unenforceable because it is not clear and unambiguous.

On May 7, 1973 relator was granted a divorce from his wife. In dividing the community property, the court ordered and decreed that the wife receive as her sole and separate property certain named personal property and further, "out of Petitioners Military Retirement Fund, she shall receive the sum of $105.00 per month, . . . commencing on March 5, 1973 and to continue for so long as he, the said Petitioner shall receive his military retirement, . . . ."

In *Ex parte Sutherland,* 526 S.W.2d 536 (Tex.1975), the Supreme Court recently considered the basic question raised by relator's first contention. Sutherland was found in contempt for violating the terms of a divorce judgment by failing to pay his former wife one-half of the retainer pay received by him as a member of the Fleet Reserve. He urged, in support of his application for a writ of habeas corpus, that he was being imprisoned for debt. The Court held that his confinement to compel payment of the arrearage in the wife's one-half of the retainer pay was not imprisonment for debt within the meaning of Article I, Section 18, of the Texas Constitution. As a basis for this holding, the Court said:

> The former wife's right to one-half the retainer pay received by relator and his duty to pay her share into the registry of the court, are determined by the divorce judgment. Since that is so, there is no problem here of imprisonment for debt in the constitutional sense, at least with respect to the wife's one-half of the retainer pay. Relator was constituted a trustee by the court to collect and remit to the clerk the one-half of the pay awarded to the wife. In performing that duty he will not be paying a debt but will be surrendering the share to which his former wife is legally entitled.

Relator urges that this holding has no application here because Sutherland was ordered to pay his wife's one-half of the retainer pay into the registry of the court, whereas, relator was ordered to pay his former wife's part of the retirement pay directly to the wife. Such a distinction was recognized in *Ex parte Yates,* 387 S.W.2d 377 (Tex.1965), where the Supreme Court held that Yates was being imprisoned for debt in violation of the Texas Constitution. This distinction was also pointed out by Chief Justice Greenhill in his article, *Habeas Corpus Proceedings in the Texas Su-*

*preme Court,* 1 St. Mary's L.J. 1, 12 (1969). Although not expressing an opinion as to the validity of such distinction, it was observed that the wife's attorney would have been well advised to order the husband to pay the proceeds realized from sale of community assets into the registry of the court rather than to the wife with the right of execution.

It must be recognized at the outset that the divorce decree in *Yates* is clearly distinguishable from that in *Sutherland.* In dividing the community property, Mrs. Yates was given $67,920.75 of a debt owed Mr. Yates by Gordon Yates Lumber Company, which debt was evidenced by a promissory note. Yates was ordered to "deliver said note to the plaintiff as security for her payment, but [he] may redeem the note by installment payments of $500.00 per month . . . ." It was said by the Court that what Mr. Yates was ordered to pay was money to be earned by him in the future. This payment was held to be a debt and Yates was ordered discharged. On the other hand, Sutherland was ordered to collect and remit his former wife's share of the retirement fund earned during the marriage. The Court held that, in doing so, Sutherland was constituted a trustee by said order. The performance of that duty as trustee was determined not to be payment of a debt and Sutherland's application was denied.

■ Relator, like Sutherland, was ordered to collect and remit to his former wife her share of the retirement pay. In performing this duty, he is not paying a debt to her but is surrendering the share to which his former wife is legally entitled. We do not see how his status as a trustee in performing this duty is changed into one of a debtor by the provision directing him to pay said share directly to his wife as distinguished from paying it to the clerk for forwarding to his wife. No such distinction has been recognized in contempt actions based on unpaid child support payments. Furthermore, such a distinction would place a tremendous burden upon the district clerk if required to receive and disburse such monthly payments. We therefore hold that relator's confinement to compel payment of the arrearage in the wife's share of the military retirement fund is not imprisonment for debt within the prohibition of the Texas Constitution. *Ex parte Sutherland, supra.*

■ Relator urges that, in any event, his commitment is illegal in that the divorce decree is too ambiguous to be enforceable. In *Ex parte Slavin,* 412 S.W.2d 43 (Tex. 1967), the Supreme Court restated with approval the accepted rule of law that for a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific, and unambiguous terms "so that such person will readily know exactly what duties or obligations are imposed upon him." The order must inform the defendant what is required of him without calling on him for inferences or conclusions about which persons might well differ, and without leaving anything for further hearing.

■ The provision of the divorce decree before us, although certainly not a model of clarity, meets this test. It is ordered that the wife should receive $105.00 per month out of relator's military retirement fund, said sum to be paid to her on the fifth day of each and every month as long as relator receives his military retirement fund.

Relator relies on *Ex parte Filemyr,* 509 S.W.2d 731 (Tex.Civ.App.—Austin 1974, no writ), in support of his proposition that the order is too ambiguous for enforcement. The decree was there held to be unenforceable primarily because it did not say when or to whom wife's percentage was to be paid. Here, the relator could clearly understand that the sum of $105.00 was to be paid to his wife on the fifth day of each month for as long as relator received his military retirement. This could only be done by him. It cannot be said that his failure to deliver to his former wife her monthly share of the military retirement was brought about by his uncertainty over the order.

We conclude that the contempt order is not void. Accordingly, relator's application for writ of habeas corpus must be denied. *Ex parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249 (1962). It is ordered that relator be remanded to the Sheriff of Bexar County, to be confined by him under the order of the District Court, and that relator pay all costs of this proceeding.