**Ex parte Juan J. GORENA.**

No. B–8518.

Supreme Court of Texas.

Oct. 17, 1979.

Joe Villarreal, Jr., San Antonio, for relator.

David C. Kellum, San Antonio, for respondent.

GREENHILL, Chief Justice.

This is an original habeas corpus proceeding. It arises from an order committing Juan J. Gorena to the Bexar County jail for contempt of court in failing to make, pursuant to a divorce decree, monthly payments of a portion of his military retirement benefits to his former wife.

Mr. Gorena's main contentions are: (1) that the trial court lacked jurisdiction to enter the contempt order because the divorce decree on which the order was based is an "agreed judgment"; and (2) that the decree is too vague and indefinite to be enforced. Also presented is the question as to whether he is imprisoned for debt.

We overrule all of the contentions and remand Mr. Gorena to the custody of the Bexar County Sheriff.

On February 7, 1978, Juan J. Gorena and Elvia Gorena, now Elvia Barber, were divorced. The divorce decree recites that the parties had reached an agreement concerning custody and support of the children as well as the disposition of property. Pursuant to this agreement, the court issued the following order in the divorce decree:

> It is decreed that Respondent [Mr. Gorena] shall pay to Petitioner [Ms. Barber], as her portion of the community retirement pay received by Respondent as a result of his retirement from the United States Air Force, 42.5% of Respondent's gross retirement pay per month, with the first payment due and payable 1 March 1978 and like payments due and payable on the 1st day of each month thereafter.

Mr. Gorena made these payments until July, 1978, but he has not made payments since that time.

In an effort to recover the delinquent payments, Ms. Barber filed a motion for contempt. The court issued an order to Mr. Gorena to show cause why he should not be held in contempt. After a hearing, the trial court found Mr. Gorena in contempt and ordered him to be confined in the county jail until he paid Ms. Barber $1,807.44 in past-due military retirement benefits.

For this court to order the release of Mr. Gorena, the trial court's contempt order must be void; i. e., beyond the power of the court to enter. *Ex parte Rhodes,* 163 Tex. 31, 352 S.W.2d 249 (1961). As will be discussed below, the power to punish for contempt is an inherent power of a court and an essential element of judicial independence and authority. *Ex parte Browne,* 543 S.W.2d 82 (Tex.1976); *see also* Article

1911a.[1] This power enables courts to persuade parties to obey a prior order or decree of the court so that such prior order will not be rendered ineffectual by recalcitrant litigants. *See Ex parte Werblud,* 536 S.W.2d 542, 545 (Tex.1976).

It is Mr. Gorena's initial contention that the trial court was without power to hold him in contempt because the prior divorce decree which formed the basis for the contempt was an agreed judgment. He submits that when parties consent to the terms of a judgment, the judgment is enforceable only as a contract between the parties. Under this theory, Ms. Barber's only remedy would be a suit to enforce the contract.

■ Despite the fact that a judgment has its genesis in an agreement between the parties, the judgment itself has an independent status. *Pollard v. Steffens,* 161 Tex. 594, 343 S.W.2d 234 (1961). Once the agreement of the parties has been approved by the court and made a part of its judgment, the agreement is no longer merely a contract between private individuals but is the judgment of the court.

As this court stated in *Wagner v. Warnasch,* 156 Tex. 334, 339, 295 S.W.2d 890, 893 (1956), "The fact that a judgment is rendered by consent gives it neither less nor greater force or effect than it would have had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties." Thus, in suits to enforce agreed judgments, parties may not raise contractual defenses because such defenses constitute impermissible collateral attacks on the prior judgments. *Peddicord v. Peddicord,* 522 S.W.2d 266 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.).

In that portion of this court's opinion in *Wagner v. Warnasch, supra,* dealing with the effect of a judgment based upon an agreement of the parties, Chief Justice Hickman wrote that this court agreed with the views expressed in the *dissenting* opinion of the court of civil appeals, and that it was unnecessary to cite again the authorities. In that dissenting opinion, Justice Cody quoted with approval the following from *American Jurisprudence*:

"To deprive a court of power to execute its judgments is to impair its jurisdiction, and the general rule is that every court having jurisdiction to render a particular judgment has inherent power and authority to enforce it . . . ." 291 S.W.2d 389 at 394.

■ Since a consent decree has the same force and effect as any other decree, it follows that the consensual nature of the decree should have no bearing on the question of a court's power to enforce the decree by the exercise of its contempt power. In a recent per curiam opinion we stated "an agreed judgment is accorded the same degree of finality and binding force as a final judgment rendered at the conclusion of an adversary proceeding," and that the agreement is enforceable as part of the court's decree if it appears in the recitals and is approved by the court. *McCray v. McCray,* 584 S.W.2d 279 (Tex.1979).

■ Mr. Gorena contends that, at least with respect to agreed divorce decrees, the court may enforce by contempt only those portions of an agreed judgment which relate to child support. As authority, he cites *Ex parte Jones,* 163 Tex. 513, 358 S.W.2d 370 (1962), and *Mobley v. Mobley,* 221 S.W.2d 565 (Tex.Civ.App.—San Antonio 1949, no writ). *Mobley* is discussed in *Ex parte Jones.*

*Jones* involved a divorce judgment which was preceded by an agreement in which the husband was to construct a home for the wife and their children. The contract was incorporated in the judgment by reference. The agreed judgment was indefinite both as to the specific design of the house and as to the time within which it was to be built. The wife sought to enforce this portion of the divorce decree by contempt proceedings. In spite of the indefinite nature of the decree, the trial court held the husband in contempt. This court ordered his release.

1. All statutory references are to Vernon's Texas Civil Statutes Annotated.

The release was correctly ordered because the prior divorce decree was too indefinite to be enforced by contempt. *See Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967).

The court in *Jones,* however, gave the following reason for ordering the release:

It is well settled that whether the trial court has the power and authority to enforce a decree by contempt proceedings depends upon the nature of the decree. *It is only when the nature of the decree is such as is authorized by statute that such decree can be enforced by contempt proceedings.* Under Article 4639a, § 1, Vernon's Annotated Civil Statutes, the court is given the power and authority to enforce its decree by a contempt proceeding, *Mobley v. Mobley,* Tex.Civ.App., 221 S.W.2d 565, no wr. hist., provided the decree is of such nature as is authorized by the statute. However, no part of the agreed settlement decree in this case is derived from the statute or controlled by the provisions thereof. [Emphasis added here]. 358 S.W.2d at 375.

The court then indicated that an agreed divorce judgment could be enforced by contempt proceedings only with respect to child support provisions, since a contempt proceeding is specifically authorized by statute for enforcement of an award of child support.

▮ We disapprove the reasoning utilized in the *Jones* opinion, and particularly the portion emphasized in the above quotation. A court's contempt power does not depend on statutory authority. As we stated earlier in this opinion, this power is an inherent power that is an essential element of judicial independence and authority. *Ex parte Browne,* 543 S.W.2d 82 (Tex.1976).[2] The Legislature has expressly recognized this implied power in its enactment of Article 1911a, section 1, which provides:

Section 1. A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its

lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.

Whether or not a decree is enforceable by contempt depends, not on statutory authority, but on the nature of the decree itself. For example, a decree that orders a party to perform an act which he is incapable of performing is not subject to enforcement by contempt. *Ex parte Gonzales,* 414 S.W.2d 656 (Tex.1967). Similarly, a decree that is so indefinite that it does not clearly indicate what a party is to do may not be enforced by contempt. *Ex parte Slavin,* 412 S.W.2d 43 (Tex.1967).

Mr. Gorena also cites *Ex parte Duncan,* 462 S.W.2d 336 (Tex.Civ.App.—Houston [1st Dist.] 1970). *Duncan* involved a divorce decree which recited that the parties had agreed that the wife was to receive a certain automobile and the husband was to make the payments on the car until the debt on the car was paid in full. The wife sought to enforce this agreement by a contempt proceeding. The court of civil appeals held that the husband could not properly be held in contempt for failure to abide by the agreement. The *Duncan* case is inapplicable to Mr. Gorena's case for two reasons: first, unlike the divorce decree in this case, there was no language in the *Duncan* decree ordering the husband to make the installment payments; second, a contempt order requiring Mr. Duncan to pay off the debt on the car constituted imprisonment for debt. *See Ex parte Yates,* 387 S.W.2d 377 (Tex.1965).

▮ Mr. Gorena's second contention is that the trial court's contempt order is void because it is based on a violation of a divorce decree that is indefinite and ambigu-

---

**2.** This court's opinion in *Ex parte Browne* reads in part:

The power to punish for contempt is an inherent power of a court. It is an essential

element of judicial independence and authority. 543 S.W.2d at 86.

ous. He is correct in his assertion that for a person to be held in contempt for disobeying a court decree, "the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *Ex parte Slavin,* 412 S.W.2d 43 (Tex. 1967).

■■■ The divorce decree in this case orders Mr. Gorena to pay 42.5 percent of his "gross retirement pay per month." The order further states that the first date for payment is March 1, 1978. Mr. Gorena contends that the term "gross" renders the decree ambiguous. We disagree. "Gross" means the "overall total exclusive of deductions." Webster's Third International Dictionary 1002 (1966). The decree clearly requires that the 42.5 percent to be paid to Ms. Barber be calculated on the basis of the total pay, exclusive of deductions, that Mr. Gorena receives from the government; and the decree is not indefinite as to the time for payment. The payments are to be made monthly, commencing on March 1, 1978. *Ex parte Anderson,* 541 S.W.2d 286 (Tex.Civ.App.—San Antonio 1976).

■■■ During oral argument, the question was raised from the bench whether the contempt order is void in that it constitutes imprisonment for debt in violation of Article I, section 18, of the Texas Constitution. The thrust of the argument appears to be that an order requiring one to pay money to another, rather than requiring one to remit the money to the registry of the court, amounts to imprisonment for debt. The decree in this case directs Mr. Gorena to make the payments directly to his former wife.

Mr. Gorena cites *Ex parte Yates,* 387 S.W.2d 377 (Tex.1965). *Yates* involved a divorce decree which, in effect, ordered the husband to pay to the wife $67,920.75 of a debt of the Gordon Yates Lumber Company to Gordon L. Yates, the husband. The payments to the wife were to be made in monthly installments of $500.00 plus interest. The wife sought to enforce the divorce decree by contempt proceedings. The trial court held the husband in contempt for failure to make the monthly payments and for pledging the note evidencing the debt to a bank. This court held that the husband could not be held in contempt for failure to make the payments. The court reasoned:

> The order itself reveals that the money which Yates was being ordered to pay to Mrs. Yates was not property found to be owned by Mrs. Yates and in the possession of Yates, but was money to be earned by Yates in the future. The order does not . . . make a division of the property and direct a surrender to the clerk of the court property held by Yates. The record clearly shows that Yates is being imprisoned for debt in violation of the Texas Constitution. 387 S.W.2d at 380.

We consider the controlling factor in the *Yates* decision to be the fact that Mr. Yates *was required to pay money that he had not yet earned.* Although the court in *Yates* mentioned the fact that the husband was not directed to pay the money to the clerk of the court, the court's opinion in no way indicates that that fact was controlling of its decision.

The court of civil appeals in *Ex parte Anderson,* 541 S.W.2d 286 (Tex.Civ.App.—San Antonio 1976), cited above, was directly confronted with this problem of an order directing payment directly to the wife rather than to the registry of the court. In *Anderson,* the husband was held in contempt for violating a divorce decree that ordered him to pay his former wife $105.00 each month out of his military retirement pay. The court of civil appeals denied the husband's petition for writ of habeas corpus. In holding that the contempt order did not constitute imprisonment for debt, the court reasoned that the husband was not being required to pay a debt to his former wife but was, instead, being required to surrender to her property that already belonged to her by virtue of the divorce decree. *See Ex parte Sutherland,* 526 S.W.2d 536 (Tex.1975). The court likened the husband's position to that of a trustee. Numerous cases in other jurisdic-

tions have affirmed a trial court's order holding a trustee or other fiduciary in contempt for failure to turn property, including money, over to third persons. Annotation, 134 A.L.R. 927 (1941). The court further noted the tremendous burden that would be placed on district clerks were they required to receive and disburse all such monthly payments. We think the decision and reasoning in *Anderson* are correct; and, accordingly, we hold that Mr. Gorena is not being imprisoned for debt.

Juan J. Gorena is remanded to the custody of the Sheriff of Bexar County.