

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-15-00064-CV

___

CANADIAN RIVER MUNICIPAL WATER AUTHORITY, APPELLANT

V.

HAYHOOK, LTD, APPELLEE

___

On Appeal from the 31st District Court
Roberts County, Texas
Trial Court No. 2094, Honorable Steven R. Emmert, Presiding

___

June 30, 2015

## OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Before us is an appeal from the denial of a plea to the jurisdiction filed by Canadian River Municipal Water Authority (Canadian). Hayhook, Ltd. (Hayhook) had sued Canadian to enforce a settlement agreement entered into between the parties. Canadian claimed that its sovereign immunity deprived the trial court of jurisdiction to entertain the suit. We affirm.

*Background*

The Campbell family owned multiple tracts of land in Hutchinson and Roberts counties. In 1976, they conveyed interests in water under their land to Southwestern Public Service Company (Southwestern). Canadian acquired those rights from Southwestern in 1996.

On March 3, 2000, Robert D. Campbell and Donald J. Campbell entered into a Water Well Field Agreement with Canadian in settlement of a condemnation proceeding initiated by Canadian. The current dispute involves Canadian's compliance with that agreement. Hayhook, an entity that acquired the interests of Robert and Donald Campbell under the settlement agreement, sued Canadian contending that the latter breached the accord. This resulted in Canadian invoking its purported immunity and filing a plea to the trial court's jurisdiction. The trial court denied the plea, and Canadian appealed.[1]

*Authority*

It is beyond dispute that the State of Texas enjoys immunity. Though this immunity may insulate not only the State but also its various sub-divisions from suit and/or liability, *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003), it may be waived. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). The issue before us is whether Canadian waived its immunity.[2]

---

[1] In a letter, the trial court advised the parties that it found that the agreement resolved an underlying claim for which immunity had been waived and the agreement is a contract for goods and services for which immunity is waived by Local Government Code § 271.152.

[2] Neither party argued that Canadian fell outside the penumbra of governmental entities accorded immunity. Rather, the controversy concerns whether that immunity was waived.

*Waiver by Breach of Settlement Agreement*

No one disputes that the settlement agreement in question arose from a suit upon claims against which Canadian had no immunity. Indeed, that proceeding involved Canadian's attempt to acquire (via eminent domain or condemnation) property owned by Hayhook's predecessors.[3] And, most importantly, sovereign immunity does not shield the State from a suit for compensation due to the taking of property. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). Furthermore, Hayhook argued below, among other things, that because immunity did not insulate Canadian from suit upon the claims resolved via the settlement agreement, Canadian lacked immunity from suit arising from the breach of that settlement agreement. This is not a novel argument. Indeed, it was one presented to the Texas Supreme Court over a decade ago.

In *Texas A & M University - Kingsville v. Lawson*, 87 S.W.3d 518 (Tex. 2002), our Supreme Court had before it a controversy involving the settlement of a Whistleblower Act complaint. That the State lacked immunity against such complaints was recognized. Yet, the Court was asked to determine whether a claim founded upon the breach of an agreement settling a whistleblower suit could be prosecuted free from the obstacles of immunity. A plurality of the court stated that "when a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued." *Id.* at 521. In other words, immunity did not bar the prosecution of a claim founded upon the breach of a settlement

---

[3] In its response to Canadian's plea to the jurisdiction, Hayhook presented a copy of a condemnation pleading filed by Canadian against the predecessors of Hayhook with respect to certain temporary work easements, a permanent water line easement, and a fee simple right to the surface for purposes of constructing a pump station and incidental facilities that Canadian claimed it needed and for which the parties could not agree upon the value of the land or damages.

3

agreement where the agreement encompassed resolution of a claim against which the State had no immunity.

As noted by Canadian at bar, the foregoing pronouncement lacked and lacks binding precedential effect given that it came from a plurality of the Supreme Court justices. *See University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994) (recognizing that a plurality decision is not binding precedent). Yet, the dissenting opinion in *Lawson* upon which Canadian relies also lacks binding effect. *See McKinney v. State*, 177 S.W.3d 186, 205 n.15 (Tex. App.—Houston [1st Dist.] 2005), *aff'd*, 207 S.W.3d 366 (Tex. Crim. App. 2006) (recognizing that a dissent is not binding precedent).

Nevertheless, we adopted the viewpoint of the *Lawson* plurality in *State v. Chapman Children's Trust I*, No. 07-09-00222-CV, 2010 Tex. App. LEXIS 1814 (Tex. App.—Amarillo March 12, 2010, no pet.) (mem. op.). The controversy there involved the attempt to interpret and enforce an agreed judgment resolving a condemnation proceeding. The State invoked its immunity to thwart the effort. In rebuffing the State's position, we said:

> With respect to the State's contention [that] sovereign immunity deprives the trial court of jurisdiction to consider the Trust's motion to clarify and enforce the agreed judgment, we find guidance in the supreme court's plurality opinion in *Texas A & M University - Kingsville v. Lawson*, 87 S.W.3d 518 (Tex. 2002).
>
> * * *
>
> We . . . find the *Lawson* opinion provides a sufficient answer to the State's contention [that] its agreed judgment settling its condemnation proceeding against the Trust cannot be judicially clarified or enforced because of sovereign immunity.

*State v. Chapman Children's Trust I*, 2010 Tex. App. LEXIS 1814, at *5-8. And, those aspects of *Lawson* which we viewed as providing a "sufficient answer" were the plurality's statements: 1) "'[W]hen a governmental entity is exposed to suit because of a waiver of immunity, it cannot nullify that waiver by settling the claim with an agreement on which it cannot be sued'"; 2) "'The government cannot recover waived immunity by settling without defeating the purpose of the waiver in the first place'"; 3) "'[H]aving waived immunity from suit in the Whistleblower Act, the State may not now claim immunity from a suit brought to enforce a settlement agreement reached to dispose of a claim brought under that Act'"; and 4) "To hold otherwise, 'would limit settlement agreements with the government to those fully performed before dismissal of the lawsuit because any executory provision could not thereafter be enforced.'" *Id. quoting Texas A & M University – Kingsville v. Lawson*, 87 S.W.3d 518 (Tex. 2002). We also observed, in *Chapman*, that the Fort Worth Court of Appeals applied *Lawson* to the settlement of an eminent domain proceeding and held that the city was not immune from a subsequent action for breach of the settlement agreement. *Id.*, *citing City of Carrolton v. Singer*, 232 S.W.3d 790 (Tex. App.—Fort Worth 2007, pet. denied).

Given our pronouncement in *Chapman*, we cannot but hold that the trial court's decision to deny Canadian's plea to the jurisdiction was accurate.[4] Immunity does not bar the prosecution of a claim founded upon the breach of a settlement agreement

---

[4] That *Chapman* concerned the enforcement of an agreed judgment is a distinction without a material difference. Agreed judgments are interpreted as if they were contracts, and their interpretation is governed by the laws relating to contracts, not judgments. *Ex parte Jones*, 163 Tex. 513, 358 S.W.2d 370, 375 (1962), *overruled on other grounds by Ex parte Gorena*, 595 S.W.2d 841 (Tex. Crim. App. 1979); *see McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984) (stating that a settlement agreement incorporated into a divorce decree is treated as a contract). So, they are, in effect, as much a contract as is a settlement agreement.

5

when the agreement encompassed resolution of a claim against which the State had no immunity.  Accordingly, we affirm the trial court's order.

Brian Quinn
Chief Justice