**AFFIRMED and Opinion Filed January 31, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00333-CV**

**IN THE INTEREST OF N.K.C., A CHILD**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-18-21825**

# MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

NKC's Father sought enforcement of a medical support order by filing a Motion for Enforcement of Child Support Order. The trial court denied the motion stating that medical support was terminated and re-allocated according to an agreed modification order. On appeal Father raises one issue complaining about the court's ruling. We affirm, holding that the parties' agreement to terminate child support included the termination of the original medical support obligations and re-allocated them between the parties.

# I. Procedural History

## A. The Divorce Decree

Appellant Father was married to Appellee Mother. They had two minor children. They divorced in December 2007.

The parties' divorce decree allocates child support, including medical support, between the parties. The decree contains the following health care provision:

> IT IS ORDERED that [Father] and [Mother] shall each provide medical support and health care coverage for each child as set out in this order **as additional child support** for as long as the Court may order [Father] and [Mother] to provide support for the child under sections 154.001and 154.002 of the Texas Family Code.

(Names redacted, emphasis added).

The decree named both parents Joint Managing Conservators of the children and granted Mother the exclusive right to establish the children's residence.

## B. The Modification Order

On December 19, 2017, the parties modified their support obligations by agreement. The trial judge approved and signed an agreed Order in Suit to Modify Parent-Child Relationship (modification order). The modification order terminated Father's parental rights to the parties' younger child and granted him the exclusive right to establish the residence of the parties' older child. It ordered the following relevant modification:

*Child Support*

THE COURT FINDS that due to the income of the parties it is in the best interest of the children that neither party be ordered to pay child support. THEREFORE, IT IS ORDERED that as of March 1, 2017, neither party shall be ordered to pay child support.

IT IS ORDERED that [Father] shall provide health insurance for [the older child], either through his own employment, that of his spouse, or privately. [Father] shall be responsible for all of [the older child's] out of pocket medical expenses.

IT IS FURTHER ORDERED that beginning tax year 2016, [Father] shall have the right to claim [the older child] on his taxes.

. . . .

*Termination*

. . . .

The Court also finds by clear and convincing evidence that termination of the parent-child relationship between [Father] and [the younger child] is in the best interest of the child.

IT IS THEREFORE ORDERED that the parent-child relationship between [Father] and [the younger child] is terminated.

. . . .

[Mother] shall provide health insurance for [the younger child], either through her own employment, that of her spouse, or privately. [Mother] shall be responsible for all of [the younger child's] out of pocket medical expenses.

Beginning with tax year 2016, [Mother] shall have the right to claim [the younger child] on her taxes.

(Names redacted).

–3–

## C.     The Enforcement Action

On February 4, 2019, Father filed his enforcement action as "Motion for Enforcement of Child Support Order." According to Father's brief, Father incurred medical expenses for the older child in May and June 2017, in the amount of $2,110.70. He alleges Mother was responsible for these expenses.

Father requested that the court hold Mother in contempt, that she be jailed for up to 180 days and fined up to $500 for failure to pay the medical expenses. In addition to contempt remedies, Father sought confirmation of arrearages, judgment plus interest on arrearages, attorney's fees, costs, and interest.

On September 25, 2019, the trial judge began a hearing on the enforcement action. Before Father's attorney could elicit substantive testimony from Father, and prior to Father's resting and closing his case, the trial judge asked Father's counsel and Mother several questions, then orally denied Father's request for enforcement:

> I don't agree that I am suppose[d] to separate these sentences. I believe this is a contract. It was an agreed order, and I have to review everything in the four corners of the document, and consider my interpretation. And the way that the court interprets this is that the way it is written, which is what I have to go on, which is all child support, which would include the medical support was terminated as of March 1, 2017. And that beginning that date [Father] was responsible for all [the older child's] out-of-pocket medical expenses.

> So, to the extent those are the only issues that here [sic] today, I am going to deny the request for enforcement based on that language.

The trial judge signed a final order denying Father's requested enforcement on February 13, 2020. This appeal followed.

## II.  Analysis

Father's sole issue on appeal asserts that the modification order is unambiguous and that the trial court erred in ruling as a matter of law that he had no right to seek enforcement or reimbursement of medical expenses incurred after March 1, 2017.  Central to Father's position is the argument that, without specific reference as such, medical support is not child support.

Father alternatively argues that there is at least an ambiguity in the modification order that can be resolved only by factual analysis, which—according to the hearing transcript—was cut short by the trial judge's *sua sponte* interpretation of the parties' agreement and denial of Father's motion.

### A.  Standard of Review

While we generally review a trial court's denial of a child support enforcement action for abuse of discretion, the issue on appeal only presents a question of law: construction of an unambiguous order, which we review *de novo*. *See Kachina Pipeline Co. v. Lillis,* 471 S.W.3d 445, 449 (Tex. 2015); *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 815 (Tex. App.—Dallas 2008, no pet.).

### B.  Applicable Law

The Family Code provides that the parties may enter into an agreement concerning child support. TEX. FAM. CODE ANN. § 154.124(a). If the agreement is the child's best interest, the court renders an order according to the parties' agreement. TEX. FAM. CODE ANN. § 154.124(b).  In a proceeding in which periodic

payments of child support are modified, the court shall render an order for the medical support of a child. *See* TEX. FAM. CODE ANN. § 154.181(a)(1).

While the court may not enforce terms of an agreement pertaining to child support as a contract, the court necessarily interprets an agreed child support order applying general rules of contract construction. TEX. FAM. CODE ANN. § 154.124(c); *In re K.M.J.*, No. 02-09-00303-CV, 2011 WL 3525439, at *2 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op.) (citing *Ex parte Jones*, 358 S.W.2d 370, 375 (Tex. 1962) (orig. proceeding), *overruled on other grounds by Ex parte Gorena*, 595 S.W.2d 841 (Tex. 1979) (orig. proceeding)); *see also Seagull Energy E&P, Inc. v. Eland Energy, Inc.,* 207 S.W.3d 342, 345 (Tex. 2006).

Separate writings may be construed together if the connection appears on the face of the documents by express reference or by internal evidence of their unity. *Kartsotis v. Bloch*, 503 S.W.3d 506, 516 (Tex. App. —Dallas 2016, pet. denied). Documents incorporated into an agreement by reference become part of that agreement. *Id.* When a document is incorporated into another by reference, both instruments must be read and construed together. *Id.*

In construing a contract, we look to the language of the parties' agreement. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 479 (Tex. 2019). Contract language that can be given a certain or definite meaning is not ambiguous. *Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d

248, 252 (Tex. 2009); *see also In re C.W.W.*, No. 05-15-00960-CV, 2016 WL 3548036, at *3 (Tex. App.—Dallas June 28, 2016, no pet.) (mem. op.).

Ambiguity does not exist simply because parties disagree over meaning. *Piranha Partners v. Neuhoff*, 596 S.W.3d 740, 743–44 (Tex. 2020).

Our primary concern is to determine the parties' true intent as expressed in their agreement. *Kartsotis*, 503 S.W.3d at 515. To that end, we examine and consider the entire writing to harmonize and give effect to all the contract's provisions so that none will be rendered meaningless. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Objective manifestations of intent control, not what one side or the other alleges they intended to say but did not. *URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 763–64 (Tex. 2018)

The most common type of child support order is one that requires the non-custodial parent to pay the custodial parent a sum of money on a periodic basis. But other types of support are authorized. *See In re H.L.B.*, No. 05-18-01061-CV, 2020 WL 104623, at *3 (Tex. App.—Dallas Jan. 9, 2020, no pet.) (mem. op.). Child support includes providing the child with medical and dental care. *See* TEX. FAM. CODE ANN. § 154.074(3). A key tenet for child support is that it is a duty owed by a parent to a child. *In re H.L.B.*, 2020 WL 104623, at *3 (citing *Ochsner v. Ochsner*, 517 S.W.3d 717, 724–26 (Tex. 2016)). Medical support for a child is a child support obligation. *See* TEX. FAM. CODE ANN. § 154.183 (a)(2)

Every agreement incorporates the laws that exist at the time and place of its making, regardless of whether that incorporation is express. *Comcast Cable of Plano, Inc. v. City of Plano*, 315 S.W.3d 673, 684 (Tex. App.—Dallas 2010, no pet.).

Once the trial court approves the parties' agreement and makes it part of the judgment, the agreement is no longer merely a contract between private individuals. *See Hallsted v. McGinnis*, 483 S.W.3d 72, 74–75 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Ex parte Gorena* 595 S.W.2d 841, 844 (Tex. 1979) (orig. proceeding)). It becomes part of a valid and binding final judgment and is enforceable as part of the order. *See id*. at 75 (citing *Gorena*, 595 S.W.2d at 844; *Jenkins v. Jenkins,* 991 S.W.2d 440, 445 (Tex. App.—Fort Worth 1999, pet. denied); *Shoberg v. Shoberg*, 830 S.W.2d 149, 152 (Tex. App.—Houston [14th Dist.] 1992, no writ)).

## C.    The Parties' Arguments and Counterarguments

The parties dispute when their original medical support obligation terminated and when their re-allocated obligation commenced.

Father argues that the paragraph regarding child support is unambiguous, stating that beginning March 1, 2017, neither party shall pay child support. He asserts that the paragraphs relating to medical support are also unambiguous, stating that each parent is responsible for the health insurance and out-of-pocket medical expenses for the child in their respective possession as of the date of the order,

December 19, 2017. Father maintains that since no date is given for this paragraph its effective date must "by necessity" be the order's entry date: December 19, 2017.

Liberally construing Mother's briefing, we ascertain her response to Father's issue on appeal. While delving into extensive allegations concerning the parties' conflicts, Mother also argues that the order is unambiguous. She states that it was in the best interest of the children that neither party pay child support. She asserts that medical support is child support, and the fact that both sentences are placed under the same heading of "*Child Support*" supports the interpretation of medical support as a type of child support. Mother alleges that Father intended to separate all types of support completely from "the very beginning of (Father's) Modification case."

The trial judge, after forgoing presentation of evidence, ruled that the child support agreement was unambiguous and that the term "child support" encompasses medical support in addition to periodic payments to mother. She interpreted the agreement to make Father responsible for the older child's healthcare expenses and Mother responsible for the younger child's healthcare expenses beginning the same day as termination of their previous child support obligations. We agree with the trial court.

## D.    Interpreting the parties' agreement

Because the interpretation of an agreement is a legal question, we consider the extent of the agreement, consider whether its terms can be given certain or definite

meanings, and construe the order in the context of the entire document. *See Seagull Energy*, 207 S.W.3d at 345; *K.M.J.*, 2011 WL 3525439, at *2.

### 1. Original Decree and Modification

The agreed modification order states:

> IT IS ORDERED that all relief requested in this case and not expressly granted is denied. All other terms of the prior orders not specifically modified in this order shall remain in full force and effect.

This paragraph expressly incorporates "prior orders" into the agreed modification order by reference. The only prior order in the record is the parties' divorce decree. As a prior order, it is incorporated into the modification order. *See Kartsotis*, 503 S.W.3d at 516. With this incorporation, we construe the documents together and harmonize their respective provisions. *Id.*

### 2. Definite Terms

The crux of the parties' dispute involves the definition of the phrase "child support." Father claims that this phrase in the modification order was intended to apply only to periodic payments from one parent to another. Mother claims that this phrase was intended to apply to all types of support, including medical support.

The decree expressly classifies medical support and health care coverage as child support. Construing the orders together, the phrase "child support" is given certain and definite meaning. That meaning includes the definite categories of monthly support payments, medical support, and health care coverage. Read objectively in the context of the two documents, the term "child support" is not

ambiguous. *See Chrysler Ins. Co.*, 297 S.W.3d at 252; *C.W.W.*, 2016 WL 3548036, at *3.

Construing the modification as terminating only monthly support payments renders the decree's classification of medical support as child support meaningless. That construction adds language that is not there. Yet Father urges us to read the modification order as "child support, except medical support."

To harmonize the orders, termination of the parties' child support obligation must include termination of both periodic payments and medical support as of the date stated in the modification order, March 1, 2017. *See Coker*, 650 S.W.2d at 393.

Father complains that he can find "no case or interpretation of common practice" that would allow the court to conclude that child support refers to the children's medical support. But we need look no further than the parties' Decree of Divorce, their Modification order, Father's Motion for Enforcement, and the Texas Family Code to find instances of "medical support" being referred to as "child support" or "child support" existing in the form of medical support.

- The Decree of Divorce orders medical support and health care coverage payable as additional child support.

- The modification order paragraph making Father responsible for all the older child's medical support is in the section titled "*Child Support.*"[1]

---

[1] Inclusion or exclusion of a support provision in an order's child support section alone is not indicative of whether that provision is considered child support. *See H.L.B.,* 2020 WL 104623, at *4. It is listed here as one of many instances of practice where medical support is arguably included as child support.

–11–

- Even though he did not seek to enforce periodic support payments, and sought to enforce only medical support, Father titled his own petition for relief "Motion for Enforcement of Child Support Order."[2]

- Texas Family Code § 153.074(3) includes in its definition of child support the provision of medical and dental support.

- Texas Family Code Chapter 154 entitled "Child Support" contains two types of support: Subchapter A, which sets forth rules for calculating and establishing periodic payments, and Subchapter D, which requires medical and dental support for children. Section 154.183 expressly characterizes it as a child support obligation.

In short, medical support is child support. TEX. FAM. CODE ANN. § 154.183(a)(2); *Hontanosas v. Hontanosas*, No. 13-08-00309-CV, 2012 WL 432642, at *5 (Tex. App.—Corpus Christi–Edinburg Feb. 9, 2012, no pet.) (mem. op.); *see also H.L.B.*, 2020 WL 104623, at *3. It is an obligation of a parent to a child. *See* TEX. FAM. CODE ANN. § 154.183(a). It is ordered as child support, and it is enforced as child support. TEX. FAM. CODE ANN. § 154.183(a)(3).

### 3. Giving effect to terms in the context of the agreement

However, our analysis cannot stop at merging the orders and construing their terms. The provision of the modification order that allocates the medical support obligation between the parties does not have a beginning date.

---

[2] Father could have titled his motion "Motion for Enforcement of Medical Support Order." He did not. He applied the common practice of using the phrase "child support" to refer to medical support.

A court errs when it fails to allocate medical support in an action for modification of child support. *See State v. Hernandez*, 802 S.W.2d 894, 897 (Tex. App.—San Antonio 1991, no pet.).

The Family Code requires child support modification orders to allocate responsibility for the children's medical support. Because the parties terminated medical support on March 1, 2017, the subsequent paragraphs served the purpose of allocating the responsibility on March 1, 2017. *See* TEX. FAM. CODE ANN. § 154.181(a).

To read the agreement to commence the parties' medical support obligation as of the date of entry of the order would ignore the mandate of Family Code § 154.181(a). We read the order as incorporating the Family Code requirement, even though the incorporation is not express. *See Comcast Cable of Plano, Inc.*, 315 S.W.3d at 684. Because the modification order terminated the parties' child support obligations as of March 1, 2017, and because § 154.181(a) therefore requires the order to provide what the parties' medical support obligations are, we must read the re-allocation of the parties' medical support obligations as being effective as of March 1, 2017, also.

Had the parties' agreed modification order terminated all child support without allocating their respective medical support obligations at all, it might have been rendered ambiguous. But that is not the case here. Starting the parties' new medical support obligation on the termination date of their old medical support

obligation harmonizes the terms of the contract while satisfying the Family Code mandate to define the parties' medical support obligations.

## E. Father's alternative argument

Since we deem the modification order's medical support provisions unambiguous, we need not address Father's alternative argument that the court should have conducted a factual analysis to determine the meaning of ambiguous terms contained in the modification order.

## F. Mother's request for sanctions

Mother's brief includes a request for sanctions complaining of several matters, including Father's alleged failure to serve Mother with a motion for extension of time and certain statements in Father's brief. After consideration, we deny Mother's request for sanctions. *Cf. Hale v. Rising S Co., LLC*, No. 05-20-01025-CV, 2021 WL 1248273, at *1 (Tex. App.—Dallas Apr. 5, 2021, no pet.) (mem. op.) (denying appellees' request for Rule 45 sanctions).

## III. Conclusion

We conclude that the divorce decree's allocation of medical support was terminated on March 1, 2017, and that the modification order re-allocated the medical support obligation as of that date.

We affirm the trial court's order.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Schenck, J., concurring

200333F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF N.K.C., A CHILD,

No. 05-20-00333-CV

On Appeal from the 254th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-18-21825. Opinion delivered by Justice Garcia. Justices Schenck and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Ashley Montgomery recover her costs of this appeal from appellant Jimmy Cail.

Judgment entered January 31, 2022.